Argued June 10, reversed September 8, petition for rehearing
denied November 9, 1965

## HAIGHT v. HAIGHT
405 P. 2d 622

*Richard T. Kropp,* Albany, argued the cause for appellant. On the brief was C. S. Emmons of Willis, Kyle & Emmons, Albany.

*Harrison M. Weatherford,* Albany, argued the cause for respondent. On the brief were Weatherford, Thompson & Horton, Albany.

Before PERRY, J., Presiding and O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

O'CONNELL, J.

This is a suit brought by plaintiff wife in which she seeks a decree requiring defendant, her husband, to pay a monthly amount for the support of two children of the parties. Defendant appeals from a decree ordering defendant to pay $40 per month for each of the two children.

Plaintiff and defendant have four children. On August 14, 1964, when plaintiff instituted these proceedings, plaintiff and defendant had been separated for approximately two and one-half years. Each had custody of two of their children. The children in plaintiff's custody were 11 and 13; the children in defendant's custody were 10 and 14.

Plaintiff had previously brought a suit for divorce against defendant. Her complaint was dismissed by a decree of the trial court which was affirmed on appeal in *Haight v. Haight,* 235 Or 238, 384 P2d 151 (1963).

Plaintiff relies upon ORS 108.110 as the basis for her petition seeking support money for the children in her custody. ORS 108.110 provides as follows:

"Any married woman may apply to the circuit court of the county in which she resides or in which her husband may be found for an order upon her husband to provide for her support or for the support of her minor children, or both, and, if the woman is pregnant, her unborn child, or both, if

he is the natural father of such children or unborn child or if he be the adoptive father of such children. Such woman may apply for the order by filing in such county a petition setting forth the facts and circumstances upon which she relies for such order. If satisfied that a just cause exists, the court shall direct that a citation issue to the husband requiring him to appear at a time set by the court to show cause why an order of support should not be entered in the matter. If it appears to the satisfaction of the court that such woman is without funds to employ counsel and is otherwise unable to obtain counsel, the court may make an order directing the district attorney to prepare such petition and citation."

The sole question on appeal is whether the foregoing statute is applicable to the case before us. We are of the opinion that it is not.

■ ORS 108.110 does not specify the circumstances under which a wife is entitled to an order of support for herself or for her children. The statute provides that the trial court shall direct that a citation issue to the husband to show cause why an order of support should not be entered if the court is "satisfied that a just cause exists." There is nothing in the record to show that there was a "just cause" for the order requiring defendant to support the children in plaintiff's custody.

The evidence shows that defendant is willing and able to support the children in his own home. Two of the children for whom support is sought are not in defendant's custody simply because plaintiff, without cause, decided not to live with her husband.

■ We shall assume, arguendo, that under these circumstances defendant would be required to support the children in his wife's custody when the welfare of the children would be better served thereby rather

than by returning them to the custody of defendant. But this is not shown. The issue of the right to custody was not raised in the present proceedings. The trial judge stated: "I am not deciding the matter of custody today. All we have is the one issue, I believe, and that is whether or not he should pay any support." There is no evidence that the issue of custody was decided in the previous divorce proceeding or in any other proceeding. Without any evidence on the matter we cannot assume that the welfare of the children is better served by their being in the custody of their mother. Unless the welfare of the children would be jeopardized by returning them to the home of defendant, we can see no "just cause" for imposing upon a husband the obligation of supporting his children in another household simply because his wife, without any legally recognized reason for doing so, decides to take up residence separate from her husband. The cost of supporting children in two households will ordinarily be greater than the cost of supporting them under one roof. Unless the children are better off elsewhere the husband, who we may assume is not legally at fault, should not be required to bear this added expense.

Even in the absence of an added financial burden upon the husband, he should not be required to support the children in his wife's custody if he is not at fault and the welfare of the children would not be jeopardized were the children to be returned to their father. The maintenance of family unity is regarded as an essential element in the preservation of our form of society. That unity would be impaired by an interpretation of the statute urged by plaintiff because, in permitting the wife to obtain support of the children taken from the home without cause, she would

feel less constrained to remain at home and make an effort to keep the family united.[1]

We express no view as to the interpretation of ORS 108.110 if the welfare of the children would be better served by their remaining in the custody of the errant wife.

The view we have expressed in this opinion is supported in cases from other jurisdictions.[2]

The decree of the lower court is reversed.

---

[1] "* * * A basic public policy plays a part. The welfare of a child lies in a home with two normal, decent parents. Where there are such parents and a home, public policy dictates that the family unit be maintained. That a price must be paid for it by one or both parents is of no concern from the standpoint of the child. The courts should not, and in our view must not, declare as a matter of law or as a conclusion of fact that circumstances such as those depicted in this record constitute reasonable cause for the destruction of such a home. The welfare of the child dictates otherwise." Bartlett v. Bartlett, 221 F2d 509, 514 (D. C. Cir 1954) (Concurring Opinion by Prettyman, J.).

[2] For cases expressing this view and cases to the contrary see 23 ALR 864, Annotation: Criminal Liability of Father for Failure to Support Child Who is Living Apart from Him Without Consent. See also cases collected in the supplements to this annotation.